# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA                           JUDGE MICHAEL R. BARRETT

VS.

MONAE MOSLEY                                                    1:23CR00044-004

## SENTENCING MEMORANDUM

### I.    INTRODUCTION

Counsel for Monae Mosley submits this memorandum to assist this Honorable Court

in sentencing the defendant on the charge of Conspiracy to Commit Mail Theft in violation

of 18 U.S.C. § 371. Monae Mosley has entered into a plea agreement, pursuant to Rule

11(c)(1)(B) of the Federal Rules of Criminal Procedure. Ms. Mosley takes full responsibility

for her actions from July 2022 through February 2023. For the reasons that follow, this Court

should sentence Ms. Mosley to probation.

### II.   FACTS

In February 2023, pursuant to an ongoing investigation, investigators executed a

pretextual traffic stop of a vehicle that had been parked in front of the USPS blue mailboxes

located at Brentwood Plaza. Ms. Mosley was present in the vehicle. When financial

instruments totaling $25,241.55 were discovered, Ms. Mosley and the other vehicle

occupants were arrested.

Ms. Mosley takes full responsibility for her conduct from July 2022 through February

2023. She admits to assisting her co-conspirators in the theft of USPS mail, which is why she

entered a plea of guilty.

## III.    STATUTORY AND GUIDELINE ANALYSIS

Monae Mosley has entered into a binding plea agreement, pursuant to Rule

11(c)(1)(B) of the Federal Rules of Criminal Procedure. When imposing a sentence, the Court

must consider the provisions of 18 U.S.C. § 3553(a)(1), which addresses the nature and

circumstances of the offense and the history characteristics of the defendant.

## A. NATURE OF THE OFFENSE

Monae Mosley's conduct, while serious, is minor compared to her co-conspirators'

conduct. Ms. Mosley entered a guilty plea to Count 1 of the indictment, admitting to stealing

mail from USPS blue mailboxes with her co-conspirators. Ms. Mosley was not a leader,

supervisor, or even a consistent participant of the conspiracy. She accompanied her co-

conspirators as they stole mail from the USPS blue mailboxes and handled the stolen mail on

limited occasions. She did not steal the USPS arrow key. She did not alter the financial

instruments obtained from the mail. She did not participate in any ATM check deposits or

cash withdrawals. She did not even participate in every instance of the conspiracy's mail

theft. As such, this Court should find that Ms. Mosley played a minor role in participation

according to the guidelines and this Court should grant a role reduction in accordance therewith.

## B. NATURE OF THE OFFENDER

Ms. Mosley was born and raised in the Cincinnati area. Her parents were separated and, while she was raised primarily by her mother, her father was very active in her upbringing. Her grandmother also played an active role in Ms. Mosley's care while her mother worked. She has two older siblings—a brother and a paternal half-sister—both of whom she looked up to as a child.

Ms. Mosley had a relatively stable early childhood. She participated in softball and basketball, enjoyed writing, and maintained close familial relationships (PSR 15). Ms. Mosley's childhood took a turn for the worse, however, when her father was murdered in 2002. This tragedy took a great toll on young Ms. Mosley, as she was close to her father. After her father's death, Ms. Mosley grew detached from others and her grades suffered. Although she participated in counseling during her childhood, Ms. Mosley continues to grieve the loss of her father to this day, suffering from post-traumatic stress disorder and anxiety (PSR 17).

 Despite the tragedy she experienced as a child, Ms. Mosley persevered. She has always been a hard worker. She pursued a post-graduate education at Cincinnati State but, unfortunately, was unable to complete her degree due to financial hardship. When she could no longer afford schooling, Ms. Mosley channeled her energy into starting her own businesses. Over the years, Ms. Mosley has become skilled in car detailing, clothing retail,

and insulation installation. She also has extensive work experience in customer service (PSR 18). Ms. Mosley has great ambitions but has consistently been held back by financial hardships. Tired of always struggling to make ends meet, Ms. Mosley saw an opportunity to make fast, easy money when approached by her co-conspirators. She recognizes that there is no excuse for her criminal conduct and is incredibly remorseful. However, it is undoubtable that these were acts of desperation not reflective of Ms. Mosley's character and personal goals.

## C. ADJUSTMENTS

### Offense Level

Ms. Mosley was assigned an offense level of 13 (PSR 11). Ms. Mosley exercised no leadership or supervisory role during the conspiracy. Moreover, pursuant to the plea agreement, Ms. Mosley's involvement was far less than any of her co-conspirators. Due to Ms. Mosley's lack of leadership in the overall conspiracy, this Court should find that Ms. Mosley was a minor participant. Her minor participant designation, paired with her timely plea agreement, should be taken into great consideration.

Additionally, Ms. Mosley's offense level includes a 10-level increase for the intended loss amount of the entire conspiracy—greater than $150,000 but less than $250,000 (PSR 10). This number is simply a prediction of the loss amount had the conspiracy been successful in altering and depositing all stolen financial instruments. The Government and Probation both acknowledge that Ms. Mosley was a minor participant who did not assist in altering the financial instruments. Therefore, Ms. Mosley should not be held accountable for the entire

intended loss amount which could have only resulted from altering the instruments. Instead, the Court should reduce Ms. Mosley's loss amount to the amount of the stolen financial instruments associated with the February 2023 traffic stop-- $25,241.55. Pursuant to U.S.S.G 2B1.1(b)(1)(C), a loss amount of $25,241.55 results in a four-point increase—six points less than Ms. Mosley received for the intended loss amount. This reduction ultimately brings Ms. Mosley to an offense level of 7.

### Criminal History

Ms. Mosley was assigned a Criminal History Category of III. Ms. Mosley asserts that the criminal history determination overrepresents the seriousness of Ms. Mosley's criminal history as well as the likelihood that she will commit crimes in the future. Due to the overrepresentation of seriousness in Ms. Mosley's criminal history determination, the PSR does not accurately reflect Ms. Mosley. Per U.S.S.G. 4A1.3 (b)(1), a downward departure to a Criminal History Category II is warranted so long as reliable information indicates that the defendant's criminal history category overrepresents the seriousness of the defendant's criminal history, or the likelihood the defendant will reoffend.

Ms. Mosley was assessed five criminal history points, which results in a Criminal History Category of III. All five of the points arose from offenses committed ten years ago when Ms. Mosley was only 20 years old (PSR 12-14). For each of these offenses, Ms. Mosley served a sentence to completion, then was able to get back on track. In the last ten years, she has not been charged with any serious offenses. She has never served time in federal prison. Ms. Mosley's conduct ten years ago during her early adulthood is not reflective of her

current character or likelihood to reoffend. Ms. Mosley has matured and learned from her mistakes, making a Category III over-representative of Ms. Mosley's criminal tendencies.

In short, Ms. Mosley's status as a Category III offender does not comport with Ms. Mosley's character. Such categorization drastically overrepresents the seriousness of Ms. Mosley's prior criminal history as a young adult, as well as his likelihood of recidivism now. We ask that she be reduced to a Category II.

## IV. PLEA SUMMARY AND TERMS OF IMPRISONMENT

### A. PLEA SUMMARY

Both sides have entered into a plea agreement. Ms. Mosley pled guilty to Count 1 of the Indictment of the case, charging her with Conspiracy to Commit Mail Theft. Ms. Mosley admits she is guilty of the offense. The penalties of this violation are as follows: A term of imprisonment of up to five years, a fine of up to $250,000 or two times the loss, a term of supervised release of up to three years, restitution, and a mandatory special assessment of $100 due prior to sentencing. Based upon a total offense level of 13 and a Criminal History Category of III, the guideline imprisonment range is 18 months to 24 months pursuant to U.S.S.G. 5C1.1 (f). We ask that the Court grant Ms. Mosley's requests for downward departure to a total offense level of 7 and a Criminal History Category of II, the guideline imprisonment range of which is two to eight months. This range falls in Zone B, making Ms. Mosley eligible for probation. Probation would be sufficient to deter Ms. Mosley from reoffending. Following the sentencing guideline, as well as taking into account the nature of both the offense and the offender, we respectfully ask the Court to impose only probation.

## V. CONCLUSION

Ms. Monae Mosley recognizes that she should not have taken part in the actions which resulted in her being before the Court today. However, she did not lead or supervise the efforts related to this crime and, in fact, played a minor role and was associated with a relatively small loss amount. Ms. Mosley is a hard-working woman who experienced a lapse in judgment. As such, her conduct should not result in incarceration.

Ms. Monae respectfully requests that after considering the foregoing facts, the Court impose a sentence of probation. Pursuant to 18 U.S.C. § 3553(a), such sentence is sufficient, but not greater than necessary.

Respectfully submitted,

TRELEVEN & KLINGENSMITH, LLC

*/s/ Matthew E. Wiseman*
Matthew E. Wiseman   (0092343)
421 S. Locust Street, Suite 203
Oxford, OH 45056
(513) 999-5297  Telephone
matt@tkcincinnati.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**
I hereby certify that I electronically filed the foregoing with the Clerk of Courts via the CM/ECF system which will notify the Assistant U.S. Attorney's Office on _____, 2024.


*/s/ Matthew E. Wiseman*_____
Attorney for Defendant